J-S93040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEKSEY N. MAKSIMOV, | |
| Appellant | No. 1501 EDA 2016 |

Appeal from the Judgment of Sentence August 26, 2013
in the Court of Common Pleas of Bucks County
Criminal Division at Nos.: CP-09-CR-0000620-2013
CP-09-CR-0000623-2013

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 06, 2017**

Appellant, Aleksey N. Maksimov, appeals *nunc pro tunc* from the judgment of sentence imposed on August 26, 2013, following the revocation of his probation.  This case returns to us after remand for a hearing on Appellant's PCRA.  On appeal, Appellant challenges the effectiveness of trial counsel and the discretionary aspects of his sentence.  Appellate counsel has petitioned this Court for permission to withdraw.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's June 30, 2016 opinion.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

August 31, 2012, Appellant was charged by the Northampton Township Police with stalking (F-3), intimidation of a witness (F-3), and related charges at Case No. 620/2013.[1] The charges stemmed from Appellant's stalking of his prior girlfriend Katie Britton. On August 31, 2012, Ms. Britton filed a police report against Appellant concerning his actions. In it, she explained that she received in excess of fifty phone calls and numerous text messages each day from Appellant. She stated that on August 13, 2012, Appellant arrived at her apartment, uninvited, and rang her doorbell for approximately two hours. When Ms. Britton left her house later that day, Appellant jumped in front of her in an attempt to stop her. He then arrived at her father's house that afternoon while she was taking her dog for a walk, and held her dog and her arms preventing her from entering her father's house. (**See** N.T. Guilty Plea Hearing, 5/29/13, at 21-22). After Appellant learned of the charges, he repeatedly sent her text messages asking her to drop the charges or he would get payback. (**See id.** at 22-23).

On September 8, 2012, Appellant was charged with escape (F-3) and terroristic threats (M-1) at Case No. 623/2013.[2] These charges stemmed from Appellant's attempted escape after police arrested him on the felony stalking charges. While in the transport van as police were transporting him

_____

[1] 18 Pa.C.S.A. §§ 2709.1(a)(1) and 4952(a)(2), respectively.

[2] 18 Pa.C.S.A. §§ 5121 and 2706(a)(3), respectively.

to headquarters, Appellant stepped through his arms so that his handcuffs were in front of him. When detectives opened the door of the van, he broke free and fled. Appellant was apprehended within five to ten minutes, and, while being transported back to police headquarters, threatened Detective Stark, the officer who apprehended him. (*See id.* at 23-24).

On May 29, 2013, Appellant pleaded guilty in both cases pursuant to a negotiated guilty plea. At Case No. 620/2013, the trial court sentenced him on Count 1, stalking, to not less than one day less than one year nor more than one day less than two years; and on Count 5, intimidation of a witness, to a concurrent seven years of probation. At Case No. 623/2013, the court sentenced Appellant on Count 1, escape, to seven years of probation, consecutive to Case No. 620/2013; no further penalty was imposed on Count 3, terroristic threats. In both cases, the court ordered Appellant to have no contact with either Ms. Britton, or Detective Stark. (*See id.* at 38-42).

About an hour after conclusion of the guilty plea hearing and sentencing, Ms. Britton received a phone call from the Bucks County Correctional Facility, which she did not answer. (*See* N.T. Violation of Probation Hearing, 8/26/13, at 12). She received a second call, later that evening, from a number that she did not recognize. When she answered the call, Appellant was on the other end. (*See id.* at 14-15). Appellant placed the call using another inmate's telephone identification number. (*See id.* at 41-42). Appellant sent several letters to Ms. Britton's home while in prison,

one of which was addressed to her dog, all of which were received by Ms. Britton herself. (*See id.* at 18-21). Appellant also sent several phone calls and text messages to her, both from his own phone, and using other people as intermediaries. (*See id.* at 22-25).

On August 26, 2013, the trial court held a violation hearing and found Appellant in violation of both sentences. The court paroled Appellant on Count 1 of Case No. 620/2013, and closed his parole on that count. The court revoked the sentences of probation at Count 5 of Case No. 620/2013 and Count 1 of Case No. 623/2013. It resentenced him on Count 5 of Case No. 620/2013 to not less than three nor more than seven years of incarceration; and on Count 1 of Case No. 623/2013, to a consecutive seven years of probation. (*See id.* at 99-100). The court stated that "[t]his is the most consistent act of stalking and control that [it has] ever had[,]" and that even in Bucks County prison, he found ways around the court's order for no contact. (*Id.* at 95; *see id.* at 96).

Appellant filed a motion to reconsider, which the court denied on November 15, 2013. Appellant did not file an appeal from the sentence imposed August 26, 2013, thus his judgment of sentence became final on September 25, 2013. On February 18, 2014, Appellant filed a *pro se* motion for credit for time served, which the trial court denied on March 21, 2014. Appellant filed an appeal *pro se* and the court appointed counsel. On June 23, 2015, this Court vacated the trial court's March 21, 2014 order, and remanded this matter, directing that the court treat Appellant's February 18,

2014 motion as a PCRA petition. (*See Commonwealth v. Maksimov*, 122 A.3d 1141 (Pa. Super. 2015) (unpublished memorandum)).

The PCRA court held an evidentiary hearing on December 3, 2015, and, on February 9, 2016, it reinstated Appellant's direct appeal rights from the sentence imposed at the August 26, 2013 violation of probation hearing *nunc pro tunc*. The trial court vacated its order, at Appellant's request, on February 17, 2016.[3]

On March 18, 2016, counsel, on Appellant's behalf, filed a second motion to amend Appellant's PCRA petition, seeking reinstatement of Appellant's direct appeal rights. The court granted Appellant's PCRA petition on May 6, 2016, reinstating his direct appeal rights. (*See* PCRA Court Order, 5/06/16). Appellant timely filed notice of his direct appeal.

On May 24, 2016, counsel filed notice that he would be filing an *Anders* brief and petition to withdraw as counsel. *See* Pa.R.A.P. 1925(c)(4). In his notice, counsel advised the court of the various issues that Appellant wanted to raise. (*See* Statement Pursuant to Pa.R.A.P. 1925(c)(4), 5/24/16, at 1-2). The trial court filed a 1925(a) opinion on June

---

[3] On February 12, 2016, Appellant *pro se* filed a motion to represent himself in PCRA relief. On February 17, 2016, Appellant filed a motion to vacate the February 9, 2016 order granting post-conviction relief. During a hearing held on March 7, 2016, pursuant to *Commonwealth v. Grazier* 713 A.2d 81 (Pa. 1998), the court vacated its February 9, 2016 order, and Appellant agreed to keep his counsel.

30, 2016. *See* Pa.R.A.P. 1925(a). On August 18, 2016, counsel filed a petition to withdraw with this Court and an ***Anders***[4] brief. On September 9, 2016, Appellant *pro se* filed a response to the ***Anders*** brief and petition to withdraw.

Before we address the merits of Appellant's claims, we must first determine whether counsel's petition and brief meet the procedural requirements for seeking leave to withdraw. ***See Commonwealth v. Zeigler***, 112 A.3d 656, 659 (Pa. Super. 2015).

When requesting leave to withdraw,

> [c]ounsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments [*pro se*] that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).[5]

_____

[4] ***See Anders v. California***, 386 U.S. 738 (1967).

[5] Additionally, our Supreme Court has set forth the following requirements for the brief accompanying counsel's petition to withdraw. Counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. ***See Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Counsel should articulate the relevant facts of record, controlling case law, and any statutes on point that have led to the conclusion that the appeal is frivolous. ***See id.***

In this case, counsel filed a petition to withdraw from representation, along with the **Anders** brief, concluding that he made a thorough examination of the record and the appeal is wholly frivolous. (**See Anders** Brief, at 17). Counsel provided a copy of his **Anders** brief to Appellant and advised him of his rights to raise any additional points in this appeal by proceeding *pro se* or with private counsel. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005). In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and the reasons for the conclusion. Accordingly, we conclude that counsel has substantially complied with the requirements of **Anders**, **Santiago**, and **Millisock**.

Having concluded that counsel's petition and brief comply with the technical **Anders** requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted). We conclude that it is.

Counsel identifies two issues for our review. (**See Anders** Brief, at 4). However, because his first question concerns whether his motion to withdraw should be granted, we have omitted any discussion of this issue. Thus, the question remaining before us on appeal raised by counsel is as follows: "Was the Appellant['s] sentence for his probation violation

excessive?" (***Anders*** Brief, at 4). In his *pro se* reply to the ***Anders*** brief, Appellant attempts to raise numerous claims of ineffectiveness, (***See*** Response to ***Anders*** Brief, 9/19/16, at unnumbered pages 2-3), which we decline to review on this direct appeal.[6]

The issue counsel raised in the ***Anders*** brief challenges the discretionary aspects of Appellant's sentence. (***See Anders*** Brief, at 25-26).[7]

> Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. ***Commonwealth v. Hanson***, 856 A.2d 1254, 1257 (Pa. Super. 2004).

_____

[6] Absent certain extraordinary circumstances, "claims of ineffectiveness assistance of counsel are to be deferred to PCRA review; . . . such claims should not be reviewed upon direct appeal." ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). We agree with the trial court's conclusion that no extraordinary circumstances exist necessitating immediate consideration of claims of trial counsel's ineffectiveness. (***See*** Trial Ct. Op., at 7-8). Furthermore, Appellant has not knowingly and expressly waived his entitlement to seek PCRA review of his conviction. (***See*** Response to ***Anders*** Brief, at unnumbered page 3); ***Holmes***, ***supra*** at 563-64. Rather, he expressly states his desire to "preserve all of his PCRA issues[.]" (***See*** Response to ***Anders*** Brief, at unnumbered page 4). Therefore, we decline to review Appellant's claims of ineffectiveness during this, his direct appeal.

[7] We note that the Commonwealth has raised the issue of waiver of counsel's issue for failure to include it in a concise statement of errors complained of on appeal. (***See*** Commonwealth's Brief, at 15). However, counsel for Appellant did not file a statement of errors pursuant to Pa.R.A.P. 1925(b). Rather he filed a statement of intent to file an ***Anders*** brief, pursuant to Pa.R.A.P. 1925(c)(4), which provides that if "there are arguably meritorious issues for review, those issues will not be waived[.]" Pa.R.A.P. 1925(c)(4). Thus, we decline to find this issue waived.

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because . . . [Appellant] must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)[, *appeal denied*, 77 A.3d 1258 (Pa. 2013)] (citations omitted); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.") [(citation omitted)].

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015).

Here, counsel for Appellant has, in effect, satisfied the first three requirements by filing a motion to reconsider the revocation sentence, filing a timely appeal, and including a statement of the reasons relied upon for allowance of appeal in the *Anders* brief. (*See Anders* Brief, at 24-25); *see also Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) "Where counsel files an Anders brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.") (citations omitted). Counsel argues the sentence for this, Appellant's first violation, was too

harsh and "[t]here is nothing in the record that shows that the Appellant's or society's needs are met by his serving the sentence [the court] imposed." (*See Anders* Brief at 25).

Our Court has held that "[g]enerally, a bald excessiveness claim does not raise a substantial question." *Zeigler*, *supra* at 662 (citation omitted). Counsel for Appellant does not argue that the sentence was not appropriate under the sentencing code. (*See Anders* Brief, at 24-25); *see also Zeigler*, *supra* at 661. He simply claims that given the standards set forth in the sentencing code, the sentence was too harsh. (*See Anders* Brief, at 25). Therefore, Appellant has not set forth a substantial question for our review.

Moreover, even if Appellant did raise a substantial question, his challenge to the discretionary aspects of his sentence would not merit relief. "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Colon*, *supra* at 1041 (citation omitted). "Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. . . . [T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Id.* at 1044 (citing 42 Pa.C.S.A. § 9771(b)) (case citation and quotation marks omitted).

Here, the record reveals that, after hearing testimony, the court found Appellant in violation of his probation. (**See** N.T. Violation of Probation Hearing, at 48). In fact, the court emphasized that this was "the most consistent act of stalking and control" that it had ever seen. (**Id.** at 95). The court sentenced Appellant to an aggregate sentence of three to seven years of imprisonment followed by seven years of probation. (**See id.** at 99-100). This was below the maximum sentence that the court could have imposed at Appellant's initial sentencing. (**See** N.T. Guilty Plea Hearing, at 10-13); **see Colon**, **supra** at 1044.

Upon review, we discern no error of law or abuse of discretion. The record amply supports that the trial court considered the appropriate factors in determining that revocation and a sentence of incarceration was warranted, and sentenced Appellant below the maximum that could have been originally imposed. Thus, we conclude the issue raised in the **Anders** brief is frivolous.[8] After independent review, we determine that there are no other non-frivolous bases for appeal, and this appeal is "wholly frivolous." **Lilley**, **supra** at 998.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

---

[8] We reviewed Appellant's *pro se* response to the **Anders** brief, and on independent review, find no other non-frivolous issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2017